# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PEDRO PEREZ-HERNANDEZ, 12053-003,  :

    **Plaintiff,**  :

vs.  :    CIVIL ACTION 13-0506-WS-N

LOUIS SCREWS,  :

    **Defendant.**  :

## REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Amended Complaint.** (Doc. 4).

Before the Court is plaintiff's superseding amended complaint, in which he identifies as the sole defendant Louis Screws, an agent for the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and/or a task force officer ("TFO"), who acted under color of federal law with respect to plaintiff's claims. (Doc. 4 at 4-5, 8, 11-12). Plaintiff makes the following allegations against defendant Screws.

On April 26, 2011, while plaintiff was living in an RV in Theodore, Alabama, his landlord's son yelled for him to come outside as some men wanted to see him. (Id. at 4). One of

the men was defendant Screws. (Id. at 11-12). Plaintiff met the men who asked him if he was Pedro Perez-Henandez. (Id. at 4). Plaintiff responded that he was and went inside for his wallet to get his identification. (Id. at 5). When plaintiff showed them his identification, the men concluded that he was person for whom they had an arrest warrant. (Id.). They showed plaintiff the arrest warrant and told him that they were going to take him in for illegally possessing a firearm and that this was not related to state's charge for assault. (Id.). They asked him what he wanted to do with his wallet. (Id.). Not wanting to leave his wallet with his landlord's son, he decided to take it. (Id.). Plaintiff was taken to the ATF's main office where they told him the wallet was being sealed in a bag for security. (Id.).

Plaintiff was then taken to federal court and placed in a holding cell from which he saw defendant Screws place his wallet in another clear plastic bag and seal it with red tape. (Id. at 6). Plaintiff was taken before a judge, and when plaintiff left the courtroom, he asked defendant Screws what would happen to his wallet. (Id.). Defendant Screws told plaintiff that it would be sent to plaintiff's final destination. (Id.). In June, 2011, another inmate who was represented by same defense attorney as plaintiff, but who had paid the attorney for representation, asked the attorney on plaintiff's behalf how plaintiff could obtain his wallet. (Id.). The attorney advised the inmate that plaintiff needed to "give a consent and a release form." (Id.).

When plaintiff met with the probation officer a couple of weeks later, he handed his defense attorney the consent and release form to obtain his wallet. (Id.). Because a conflict arose between him and his defense attorney, plaintiff did not receive his wallet. (Id.). Later, on June 19, 2011, when plaintiff left the courtroom, he saw defendant Screws on the first row and asked him what would happen to his wallet. (Id.). Defendant Screws told him that it would be sent to his final destination. (Id.). "That was the last time [he] heard about [his] . . . wallet[]."

2

(Id.).

Shortly after arriving at his final destination (at an unspecified time), and after being unsuccessful in his written requests, plaintiff filed a motion to compel the return of his property under Rule 41(g).[1] (Id.). He received a response informing him that the district attorney "verbally questioned the U.S. Marshal, ATF, CIA, among other agencies," and they denied having possessed his wallet or knowing anything about it. (Id. at 7). Plaintiff believes that the district attorney should have investigated the ATF agency, not all of the other agencies, and asked questions of the agents. (Id.). Because he did not, plaintiff believes that this is discrimination, as it would not happen to a white person.[2] (Id.).

Plaintiff further believes that defendant Screws intentionally mishandled his wallet, which contained $59.00 (id. at 6) and his permanent resident card, driver's license, social security card, business cards, telephone numbers, and addresses, all of which are hard to replace. (Id. at 9). This has caused plaintiff mental and physical stress, anguish, and a nervous

---

[1] The Court's records in United States v. Screws, 11-00011-WS-M (S.D. Ala. Jan. 31, 2012), reflect that plaintiff filed a motion for the return of his property under Rule 41(g) of the Federal Rules of Criminal Procedure. (Doc. 79). Plaintiff's motion was denied in light of agents from the ATF and United States Marshal Service advising that "they do not have and never had in the their possession the personal items identified in defendant's motion." (Docs. 81, 82). Subsequently, plaintiff filed another motion for the return of his property under Rule 41(g), which was denied. (Docs. 85, 86). The Court received the second motion on the same day that it received plaintiff's § 1983 complaint. See Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (ruling the court may takes judicial notice of its records).

[2] Plaintiff's discrimination claim is not causally connected to defendant Screws. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (holding that § 1983 plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional rights in order to state a claim); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1986) (same); see Gonzalez v. Reno, 325 F. 3d 1228, 1234-35 (11th Cir. 2003) (applying § 1983 law with respect the causal connection to a Bivens action). Therefore, this claim fails to state a claim upon which relief may be granted against defendant Screws and will not be discussed further in the report and recommendation.

breakdown due to his worrying about the documents. (Id.). To compensate him for the "d[i]scrimination, abuse, negligence and mental illness due to the extreme stress that [he]" suffered, plaintiff seeks $1,000.00 to $5,000.00. (Id. at 9, 13).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965,

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

4

1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. Application of 42 U.S.C. § 1997e(e)**.

Even though plaintiff filed his claim on a § 1983 complaint form and identified his claim as a § 1983 claim, plaintiff's claim is a Bivens claim. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "[A] Bivens suit challenges the constitutionality of the actions of federal officials . . . [and] create[s] a remedy against federal officers, acting under color of federal law, that [is] analogous

to the section 1983 action against state officials." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (citation and quotation marks omitted). The law to be applied in Bivens cases is generally the law under § 1983, (id.), thereby subjecting a Bivens action to 42 U.S.C. § 1997e(e). Tsosie v. Garrett, 409 F. App'x 262, 263 (11th Cir.) (unpublished),[4] cert. denied, 132 S.Ct. 466 (2011).

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act[,]" which included 42 U.S.C. § 1997e(e). Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Section 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). This section, therefore, applies to plaintiff who was a prisoner when he filed this action.

Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (ruling that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." Id. at 1289. This section "applies only

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

In the present action, plaintiff requests "$1,000.00 . . . up to $5,000.00" for the loss of his property, for "[m]ental and [p]hysical stress, anguish[] and nervous breakdown due to the stress and worries about the documents," and for racial discrimination. (Doc. 4 at 9). He also states that he seeks these same damages for "abuse, negligence, and mental illness due to the extreme stress that [he underwent] . . . to tr[y] to [find] somebody to help[] [him] to [get his] property." (Id. at 13). Plaintiff has not identified the type of damages that he seeks. However, an examination of plaintiff's damages requests reflects that they are not consistent with a request for nominal damages. Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Qualls v. Santa Rosa Cnty. Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive

7

damages"); Partain v. Walker, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga. Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour that he did not go outside and for $10,000 for each day that he went outside in shackles were not requests for nominal damages); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D. N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'").

Inasmuch as plaintiff's damages request cannot be considered as a request for nominal damages, the remaining types of damages are compensatory and punitive damages. In order to recover either compensatory or punitive damages for his mental suffering, plaintiff must have suffered an injury that is greater than de minimis. See Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (finding that "the injuries that [plaintiff] complains of - including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day - amount to de minimis physical injuries" thereby barring damages for mental anguish and suffering), cert. denied, 131 S.Ct. 517 (2010); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding that a bruised ear which lasted for three days was de minimis); Mobley v. Gresco, 2011 WL 3163159, at *2 (N.D. Fla. July 1, 2011) (unpublished) (finding the claim of "pain and suffering" did not allege an injury). In plaintiff's allegations and requests for relief, no reference to a physical injury was made, much less to an injury that is greater than de minimis. Thus, compensatory and punitive damages are not

recoverable by plaintiff. Therefore, with no physical injury being alleged, plaintiff's action is due to be dismissed without prejudice for failure to state a claim upon which can be granted. See Harris, 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").

### B. Statute of Limitations Bar.

An alternate basis on which to dismiss this action is the statute of limitations. On April 26, 2011, plaintiff was arrested, and his wallet with his money and documents was taken from him. (Doc. 4 at 4-5). Plaintiff made several inquires about his wallet, in particular, his last request to defendant Screws was on June 19, 2011 when he left the courtroom. (Id. at 6-7). Then, plaintiff filed the present § 1983 action when he signed his original complaint on October 2, 2013. (Doc. 1 at 8).

The statute of limitations for a Bivens action is the same one that is applied to § 1983 actions. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989), because § 1983 does not contain a statute of limitations. Id. at 249-50, 109 S.Ct. at 582 (1989). Alabama's two-year statute of limitations for personal injuries is applied to § 1983 actions filed in Alabama. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l); see Dennis v. United States Dept. of Justice, 228 F. App'x 861, 863-64 (11th Cir. 2002) (unpublished) (applying Alabama's two year statue of limitations to a Bivens action).

9

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted). Usually, this accrual takes place when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured, and is aware or should be aware who caused the injury. Garza v. Hudson, 436 F. App'x 924, 925 (11th Cir. 2011) (unpublished).

Considering plaintiff's allegations, he knew that he had been deprived of his wallet and its contents during the course of his arrest by defendant Screws on April 26, 2011. (Doc. 4 at 5). His allegations further reflect that he was very aware that the deprivation had occurred as demonstrated by him asking about his wallet during the criminal proceedings against and then asking defendant Screws about his wallet again when he was in court on June 19, 2011. (Id. at 6); see United States v. Perez-Hernandez, CR 11-00011-WS (Doc. 19) (plaintiff pled guilty on June 21, 2011).

On the day plaintiff was arrested, April 26, 2011, he had a complete cause of action for the deprivation of his wallet against defendant Screws. Bloom v. Alvereze, 498 F. App'x 867, 874-75 (11th Cir. 2012) (unpublished) (finding that the statute of limitations began to run when the plaintiff's property was seized at the time of his arrest and was not a continuing violation); Holt v. Valls, 395 F. App'x 604, 606 (11th Cir. 2010) (unpublished) (acknowledging that if subject matter jurisdiction was not lacking under Rooker-Feldman, it would affirm the district court's dismissal of the Fourth Amendment claim on statute of limitations grounds because the action was filed more than two years after the seizure of the property); McKenzie v. United

10

States Dep't of Justice, 143 F. App'x 165, 168 (11th Cir. 2005) (finding plaintiff's Bivens action filed in 2003 challenging a forfeiture of his funds was barred by the statute of limitations because his funds were seized in 1996 and he had reason to know in 1996 of his injury);[5] Gomez-Garcia v. Gwinett Cnty. Police Dept., 2013 WL 1969880, at *2 (N.D. Ga. Apr. 2, 2013) (unpublished) (finding the claim for the return of property seized at time of arrest was barred by statute of limitations as the plaintiff knew of the seizure on the date of arrest); Morris v. King, 2010 WL 1381652 (M.D. Ala. Feb. 25, 2010) (unpublished) (finding that the plaintiff's § 1983/Bivens action seeking, inter alia, the return of seized property was barred by the two-year statute of limitations). Plaintiff's claim, however, was brought to the Court's attention on October 17, 2013, when the Court received his complaint signed on October 2, 2013. (Doc. 1 at 8). Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (filing occurs when an inmate delivers a document to prison authorities for forwarding to the court clerk); see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners); Nelson v. Barden, 145 F. App'x 303, 307 (11th Cir. 2005) (unpublished) (applying Houston to a pro se Bivens action); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding courts will assume the document was delivered on the date the plaintiff signed it in the absence of other evidence). Thus, plaintiff filed his complaint on or about October 2, 2013, which was well beyond two years from April 26, 2011 when his claim against defendant Screws accrued.

As a consequence, this Court finds plaintiff's claim against defendant Screws for the seizure of his wallet is barred by the two-year statute of limitations and is subject to dismissal

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 F. App'x 739, 739-40 (11th Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock); cf. Bock, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal for failure to state a claim).[6]

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended this action be dismissed without prejudice for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with

---

[6] In light of the foregoing two reasons for the dismissal of this action, the Court is foregoing a discussion of whether plaintiff failed to state a claim for a violation of his due process rights against defendant Screws for the deprivation of his property. "Under Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)[,] and its progeny, deprivation of property by a government employee does not violate due process so long as an adequate post-deprivation system is in place." Bowens v. United States Dep't of Justice, 415 F. App'x 340 (3d Cir.) (finding that the federal inmate did not state a claim for a deprivation of property when his photographs were confiscated because the Bureau of Prison's Administrative Remedy Program, which the inmate pursued, provided an adequate post-deprivation remedy), cert. denied, 132 S.Ct. 170 (2011); see Fernandez-Torres v. Federal Bureau of Prisons, 2013 WL 5574256, at *1 (S.D. Ga. Oct. 8, 2013) (finding that the Federal Tort Claims Act provided an adequate post-deprivation remedy for the inmate's claim that he was deprived of wages while working on a federal inmate work detail program).

the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this  26th day of February, 2014.

                                         /s/ Katherine P. Nelson
                                         **UNITED STATES MAGISTRATE JUDGE**